# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

IN RE: EAST PALESTINE TRAIN DERAILMENT

REVEREND JOSEPH SHEELY; ZSUZSA TROYAN; TAMARA FREEZE; SHARON LYNCH; CARLY TUNNO,

*Interested Party-Appellants*,

HAROLD R. FEEZLE, on behalf of themselves and all others similarly situated; SUSAN E. SCHEUFELE, on behalf of themselves and all others similarly situated; DAVID J. SCHEUFELE, on behalf of themselves and all others similarly situated; ROLLERENA AUTO SALES, LLC, on behalf of themselves and all others similarly situated; MARILYN FIGLEY, on behalf of themselves and all others similarly situated; ROSEMARY MOZUCH, on behalf of themselves and all others similarly situated; CHARLES MOZUCH, on behalf of themselves and all others similarly situated; JON LUKE AFFELTRANGER, on behalf of themselves and all others similarly situated; EDWARD E. BARNHOUSE, on behalf of themselves and all others similarly situated; LAURA MANN,

*Plaintiffs-Appellees,*

v.

NORFOLK SOUTHERN RAILWAY COMPANY; NORFOLK SOUTHERN CORPORATION,

*Defendants-Appellees.*

On Appeal from the United States District Court for the Northern District of Ohio,
No. 23-cv-00242

## RESPONSE BRIEF FOR PLAINTIFFS-APPELLEES

PAUL D. CLEMENT
MATTHEW D. ROWEN
KYLE R. EISWALD*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
* Supervised by principals of the firm who are
members of the Virginia bar

*Counsel for Plaintiffs-Appellees*

July 29, 2025

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), Rollerena Auto Sales, LLC, DalQan Holdings, LLC, Valley View MPH LLC, and Competition & Luxury Vehicle Club of Darlington, LLC, individually certify that they do not have a parent corporation and that no publicly held corporation owns more than ten percent of their respective stock.[1]

---

[1] Only Rollerena Auto Sales, LLC, was named as a Plaintiff-Appellee in this appeal.  To ensure compliance with Federal Rule of Appellate Procedure 26.1(a), Plaintiffs-Appellees include the other businesses in the corporate disclosure statement that were class representatives in the district court proceedings.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT .......................................... i

TABLE OF AUTHORITIES................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT............................... viii

INTRODUCTION ................................................................................ 1

JURISDICTIONAL STATEMENT ....................................................... 4

STATEMENT OF THE ISSUES ........................................................... 5

STATEMENT OF THE CASE............................................................... 5

    A.    Legal Background ......................................................... 5

    B.    Factual and Procedural Background .................................. 9

SUMMARY OF ARGUMENT.............................................................. 14

STANDARD OF REVIEW .................................................................. 16

ARGUMENT ...................................................................................... 17

I.    The District Court Was Entirely Correct To Deny Objectors'
Untimely Motion To Extend The Notice-Of-Appeal Deadline, And
Certainly Did Not Abuse Its Discretion By Doing So................................. 17

    A.    The District Court Had No Choice but to Deny Objectors'
Motion ......................................................................... 17

    B.    Objectors' Arguments Are Beside the Point and Meritless................ 24

II.    The Merits Of The District Court's Bond Order Are Not Properly
Before This Court, But The District Court Did Not Abuse Its
Discretion In Setting The Bond (Let Alone Do Anything Justifying
Reassignment)................................................................................ 30

CONCLUSION .................................................................................... 34

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

# TABLE OF AUTHORITIES

## Cases

*Amen v. Dearborn*,
718 F.2d 789 (6th Cir. 1983) .............................................................28

*Armco, Inc. v. United Steelworkers of Am.*,
280 F.3d 669 (6th Cir. 2002) ............................................................17

*Bailey v. Saint Ambrose Acad.*,
38 F.3d 1215 (6th Cir. 1994) ..............................................................4

*Baker v. Boettcher*,
2024 WL 3967506 (7th Cir. May 2, 2024) ......................................19

*Bell v. McAdory*,
820 F.3d 880 (7th Cir. 2016) ..................................................... 16, 32

*Bowles v. Russell*,
551 U.S. 205 (2007) .................................................................. *passim*

*Browder v. Dir., Ill. Dep't of Corr.*,
434 U.S. 257 (1978) ..........................................................................33

*Brownback v. King*,
592 U.S. 209 (2021) ............................................................................4

*Burley v. Gagacki*,
834 F.3d 606 (6th Cir. 2016) ............................................................26

*Clark v. Adams*,
300 F.App'x 344 (6th Cir. 2008) .......................................................28

*Cole v. City of Memphis*,
839 F.3d 530 (6th Cir. 2016) ............................................................17

*Eagle v. Freeport-McMoRan, Inc.*,
2019 WL 13219817 (10th Cir. Jan. 28, 2019) ..................................19

*Ermold v. Davis*,
130 F.4th 553 (6th Cir. 2025) ...........................................................25

*Hamer v. Neighborhood Hous. Servs. of Chi.*,
583 U.S. 17 (2017) ............................................................. 4, 7, 8, 20

*Hanover Ins. Co. v. Am. Eng'g Co.*,
105 F.3d 306 (6th Cir. 1997) ...................................... 25

*Henderson v. Shinseki*,
562 U.S. 428 (2011) ....................................................... 7

*Howe v. City of Akron*,
801 F.3d 718 (6th Cir. 2015) ...................................... 25

*In re Cardizem CD Antitrust Litig.*,
391 F.3d 812 (6th Cir. 2004) ...................................... 17

*In re Lang*,
414 F.3d 1191 (10th Cir. 2005) .................................. 32

*In re Polyurethane Foam Antitrust Litig.*,
178 F.Supp.3d 635 (N.D. Ohio 2016) ........................ 17

*In re Tennial*,
978 F.3d 1022 (6th Cir. 2020) ...................................... 8

*Kavorkian v. CSX Transp., Inc.*,
117 F.3d 953 (6th Cir. 1997) ...................................... 25

*Keahey v. Marquis*,
978 F.3d 474 (6th Cir. 2020) ...................................... 26

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ....................................................... 5

*Kontrick v. Ryan*,
540 U.S. 443 (2004) ....................................................... 5

*Martin v. Sullivan*,
876 F.3d 235 (6th Cir. 2017) ........................................ 4

*May v. Apricus Biosciences, Inc.*,
650 F.App'x 893 (6th Cir. 2016) .......................... 20, 21, 22

*McFall v. Tooke,*
 308 F.2d 617 (6th Cir. 1962) ....................................................... 27, 28

*Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.,*
 922 F.3d 713 (6th Cir. 2019) ..............................................................25

*Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.,*
 926 F.3d 427 (7th Cir. 2019) ........................................................ 20, 23

*Nicholson v. City of Warren,*
 467 F.3d 525 (6th Cir. 2006) ..............................................................16

*Patten v. District of Columbia,*
 9 F.4th 921 (D.C. Cir. 2021) ..............................................................29

*Perkins v. Am. Elec. Power Fuel Supply, Inc.,*
 91 F.App'x 370 (6th Cir. 2004) ..................................................... 25, 27

*Phillips v. Metro Transit Agency,*
 2022 WL 18932061 (7th Cir. Apr. 28, 2022) ......................................19

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank,*
 566 U.S. 639 (2012) ............................................................................29

*Ramirez v. Comm'r of Soc. Sec. Admin.,*
 2018 WL 6982351 (2d Cir. Nov. 29, 2018) ........................................19

*Samons v. Nat'l Mines Corp.,*
 25 F.4th 455 (6th Cir. 2022) ..............................................................25

*Sommers v. United States,*
 151 Fed.Cl. 619 (2020) .......................................................................20

*Steel Co. v. Citizens for a Better Env't,*
 523 U.S. 83 (1998) ................................................................................7

*Tanner v. Yukins,*
 776 F.3d 434 (6th Cir. 2015) ..............................................................13

*Ultimate Appliance CC v. Kirby Co.,*
 601 F.3d 414 (6th Cir. 2010) ...................................................... 8, 20, 21

*United States ex rel. Haight v. Cath. Healthcare W.*,
　602 F.3d 949 (9th Cir. 2010) ...............................................19

*United States v. Arevalo*,
　408 F.3d 1233 (9th Cir. 2005) ............................................28

*United States v. Ruiz*,
　536 U.S. 622 (2002) ...............................................................4

*United States v. Vanness*,
　85 F.3d 661 (D.C. Cir. 1996) ...............................................7

*Vander Boegh v. EnergySolutions, Inc.*,
　772 F.3d 1056 (6th Cir. 2014) ............................................25

*Youn v. Track, Inc.*,
　324 F.3d 409 (6th Cir. 2003) ..............................................17

**Rules**

Fed. R. App. P. 4(a)(1)(A) ................................... 7, 12, 18, 22

Fed. R. App. P. 4(a)(5) .............................................................12

Fed. R. App. P. 4(a)(5)(A) .................................... 8, 13, 18

Fed. R. App. P. 4(a)(6) ........................................... 18

**Statutes**

28 U.S.C. §2106 .....................................................................27

28 U.S.C. §2107(a) ................................................... *passim*

28 U.S.C. §2107(b) ...................................................................6

28 U.S.C. §2107(c) ................................................... *passim*

28 U.S.C. §2107(c)(1) .............................................................23

28 U.S.C. §2107(d) ...................................................................6

**Other Authority**

Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* (2d ed. May 2025 update)..............................32

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary to resolve this appeal. The appellants failed to meet the deadlines that govern the transfer of authority from a district court to this Court, and those deadlines are statutory, jurisdictional, and non-extendable.

## INTRODUCTION

Some cases present thorny questions about unsettled law and its application to unclear facts. This is not one of those cases. The rules concerning jurisdictional filing deadlines are open-and-shut, and so is this appeal. The district court had no choice but to deny a motion to skirt the relevant jurisdictional deadlines. The appeal from that eminently correct—indeed, compelled—decision cannot succeed.

Appellants are five objectors (hereinafter, "Objectors") to the class-action settlement resolving the litigation that arose out of the February 2023 derailment of Norfolk Southern Train 32N in East Palestine, Ohio. Objectors timely appealed the final approval of that settlement. Plaintiffs-Appellees ("Plaintiffs") then sought an appeal bond, which the district court granted on January 16, 2025. That is where this appeal really begins.

Under 28 U.S.C. §2107(a), Objectors had until February 18, 2025, to file a notice of appeal if they wanted to challenge the district court's entry of the appeal bond. Alternatively, 28 U.S.C. §2107(c) gave them until March 20, 2025, to move for an extension of the time within which to file a notice of appeal of the bond order. Objectors did neither. Nor did they move in the district court (or in this Court) for an order staying the bond pending the resolution of their appeals challenging the final approval of the settlement agreement—in fact, they affirmatively disavowed such relief—or do anything else to preserve either court's respective jurisdiction.

Instead, Objectors asked this Court in their appeals challenging the settlement for a reduction or elimination of the bond. This Court denied Objectors' motions on March 21, 2025, holding that it lacked jurisdiction to entertain the merits of the appeal bond outside a separate appeal from the order entering the bond, and that it lacked authority to treat the motion as seeking a stay in the face of Objectors' affirmative disavowal of such relief. Only at that point did Objectors move the district court for an extension of the notice-of-appeal deadline (the original appeal deadline having long passed). But that was too late. Objectors' motion to extend the notice-of-appeal deadline was filed after the statutorily mandated time had run out. That deadline was jurisdictional and therefore mandatory. The district court lacked authority to grant the motion and accordingly denied it.

Objectors now appeal the district court's denial of their untimely motion to extend the appeal deadline, but they nowhere grapple with—or even mention—the relevant authority that makes clear that the district court had no choice but to deny Objectors' untimely request. The deadlines for noticing appeals from federal district court orders are established by statute. The default rule is that "no appeal" may be taken from any "order" in a civil case "unless notice of appeal is filed, within thirty days after the entry of such … order." 28 U.S.C. §2107(a). As a backup, "[t]he district court may … extend the time for appeal upon a showing of excusable neglect or good cause"—but only "upon motion filed not later than 30 days after the

expiration of the time otherwise set for bringing appeal." *Id.* §2107(c). That statutory deadline is jurisdictional and non-extendable, and it controls this case.

Yet Objectors nowhere discuss 28 U.S.C. §2107 in their brief. They do not even cite it. Nor do they mention any of the Supreme Court or Sixth Circuit cases interpreting and applying it. Ignoring that dispositive authority does not make it go away. Objectors' failure to address this wall of authority just serves to confirm that there is no path forward for them here. The district court had no choice but to deny the relief Objectors sought, and affirmance of that denial follows as a matter of course.

Rather than engage with the incurable jurisdictional defect that defeats this appeal, Objectors complain about the merits of the bond order (and dispute the district court's impartiality for good measure). But there is no reaching those issues without confronting and overcoming the jurisdictional barrier to this appeal, and Objectors do neither. The only thing the district court concluded in the appealed-from order is that it lacked authority to extend the notice-of-appeal deadline. That conclusion was unassailably correct; indeed, doing anything other than denying the untimely motion would have been *ultra vires*. Regardless, Objectors' arguments on those unreachable issues fail on their own terms, for reasons Plaintiffs have explained in their briefing in the other appeals pending before this Court.

While "[t]he losing party in a civil case has a right to appeal, … the right does not last forever." *Martin v. Sullivan*, 876 F.3d 235, 236 (6th Cir. 2017). Here, the statutorily prescribed time within which a losing party may move to extend the notice-of-appeal deadline expired before Objectors filed their motion. The district court therefore correctly held that it lacked authority to grant the requested relief. This Court should affirm.

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction in the underlying class-action litigation pursuant to 28 U.S.C. §1332(d). With respect to Objectors' motion to extend the appeal deadline for purposes of challenging the bond order, because the motion was not timely filed, the district court lacked authority to grant it. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) ("Failure to comply with a jurisdictional time prescription … deprives a court of adjudicatory authority over the case."). But "a federal court always has jurisdiction to determine its own jurisdiction," *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)), and the district court's decision holding that it lacked authority to grant the requested relief is final as to that question, *see Bailey v. Saint Ambrose Acad.*, 38 F.3d 1215 (6th Cir. 1994) (Table) ("An order denying a motion for extension of time for filing a notice of appeal is appealable."). This Court therefore has appellate jurisdiction pursuant to 28 U.S.C. §1291.

## STATEMENT OF THE ISSUES

1. Whether the district court abused its discretion in denying Objectors' Motion to Extend Time for Appeal when Objectors moved for such an extension after the statutory and jurisdictional deadline.

2. Whether the merits of the appeal bond order are properly before this Court, and, if so, whether the district court abused its discretion in setting the appeal bond.

## STATEMENT OF THE CASE

### A.    Legal Background

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  This well-established principle applies particularly to lower courts, given that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction."  *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004).

One way that Congress has seen fit to limit lower federal courts' jurisdiction is by statutorily prescribing the deadlines with which a party must comply to appeal a district court decision.  As relevant here, 28 U.S.C. §2107 provides that:

> Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

28 U.S.C. §2107(a).  Stated simply, parties in most civil actions have a default 30-day deadline to appeal an adverse judgment or final order.

Congress provided express "[e]xcept[ions]" to that default 30-day deadline. *Id.*  Under §2107(b), the notice-of-appeal deadline "shall be 60 days" instead of 30 "if one of the parties is … the United States" or a federal agency or officer.  And under §2107(c), a "district court may[] … extend the time for appeal upon a showing of excusable neglect or good cause," but only "upon motion filed *not later than 30 days after the expiration of the time otherwise set for bringing appeal.*"  *Id.* §2107(c) (emphasis added).  Finally, Congress provided an exception to §2107(c)'s exception: In rare cases where "a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry," "the district court may … reopen the time for appeal," but only if it "finds … that no party would be prejudiced"—and, even then, only "for a period of 14 days," and only if the motion to reopen is "filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier."  *Id.*[2]

The Supreme Court has made clear that the deadlines set forth in 28 U.S.C. §2107 are "jurisdictional," and courts are not free to add to the limited exceptions Congress carved out.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  "Jurisdiction,"

---

[2] Congress also provided that §2107 "shall not apply to bankruptcy matters or other proceedings under Title 11."  28 U.S.C. §2107(d).

of course, "is a word of many, too many, meanings." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 90 (1998) (quoting *United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)).  But when the Supreme Court determines that a deadline or requirement is truly "jurisdictional," and not a mere claims-processing rule, as it did in *Bowles*, the deadline is mandatory and not subject to any equitable exceptions. While "[a] time limit *not* prescribed by Congress ranks as a mandatory claim-processing rule, serving 'to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times,'" *Hamer*, 583 U.S. at 19 (emphasis added) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)), "time prescription[s] governing the transfer of adjudicatory authority from one Article III court to another [that] appear[] in a statute"—such as the ones set forth in 28 U.S.C. §2107(a) & (c)—are "jurisdictional," and accordingly are "not subject to waiver or forfeiture" or any other equitable doctrine, *id.* at 20, 25.

The Federal Rules of Appellate Procedure carry the provisions of §2107 into practice.  Rule 4(a)(1)(A) reflects §2107(a)'s prescription of a 30-day default to appeal, stating that, "[i]n a civil case, except as provided in [other parts of Rule 4 not relevant here], the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  And in line with §2107(c), Rule 4(a)(5)(A) allows a district court to extend the time to file a notice of appeal if "a party so moves *no later*

*than 30 days after the time prescribed by this Rule 4(a) expires*" and "shows excusable neglect or good cause." *Id.* 4(a)(5)(A) (emphasis added).

In 2010, this Court held that the Rule 4(a) deadlines at issue here are "jurisdictional" and thus cannot be extended. *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415 (6th Cir. 2010). That conclusion remains sound. To be sure, the Supreme Court later distinguished between "appeal filing deadline[s] prescribed by statute," which are "jurisdictional," and "time limit[s] prescribed *only* in a court-made rule," which are not. *Hamer*, 583 U.S. at 19 (emphasis added) (citing *Bowles*, 551 U.S. at 210-13). But the key word is "only." A provision of the Federal Rules that merely carries forward or "parrots" a statutory deadline is just as mandatory as the statutory deadline itself. Thus, while *Hamer* held that Rule 4(a)(5)(C)'s limit on how long a court could extend the notice-of-appeal deadline was not a jurisdictional limit because it "appears nowhere in the text of §2107(c)," *id.* at 24, 27, the same could not be said for Rule 4(a)(5)(A)'s 30-day deadline to request an extension, which *is* found in §2107(c). It follows that the latter deadline (the one at issue here) is jurisdictional. As this Court has explained: "Rule-based deadlines are jurisdictional when they implement an appeal deadline created by Congress." *In re Tennial*, 978 F.3d 1022, 1026 (6th Cir. 2020); *accord id.* ("[A] civil appellate deadline is jurisdictional when the rule creates a 'specific[]' appeal deadline that is 'set forth in a statute.'" (second alteration in original) (quoting *Bowles*, 551 U.S. at

210, 213)).  Regardless, whatever the precise status of the Rule 4(a) deadlines at issue here, there is no doubting that §2107's statutory deadlines are jurisdictional.

### B.    Factual and Procedural Background

1. This is the third appeal involving these same parties arising out of the derailment of Norfolk Southern Train 32N in East Palestine, Ohio, in February 2023. In the aftermath of the derailment and subsequent "vent and burn" of five rail cars, 1st.Am.Master.Class.Action.Compl.,  R.138  ¶¶179,  183-85,  279,  PageID#1802, 1804, 1830-833, affected individuals and businesses filed multiple lawsuits in the Northern District of Ohio, Graham.Decl., R.518-2 ¶¶13-14, PageID#10945-946.[3] The district court ultimately consolidated 32 pending cases into one master class action.  Cons.Order, R.28, PageID#562-563 & n.3, 569 (consolidating 31 cases); Cons.Order, R.30, PageID#666 (adding 32nd case to master class action).

The master class action proceeded through early motions practice and discovery.  After months of negotiations undertaken in parallel with the active litigation, the parties reached a settlement.  Graham.Decl., R.518-2 ¶¶53-58, PageID#10955-957.  This settlement created a non-reversionary cash fund of $600 million, Settlement, R.452-2 §II.SS, PageID#6014, to be allocated to "all Persons and Businesses residing, owning[,] or otherwise having a legal interest in property,

---

[3] Citations to the "Graham" declaration are references to the declaration filed by Class Counsel M. Elizabeth Graham, not Objectors' Counsel David Graham.

working, or owning or operating a business within a 20-mile radius of the Derailment Site, from February 3, 2023 to the Settlement Date," *id.* §II.QQ, PageID#6013.

The district court held a fairness hearing on September 25, 2024. Fair.Hear.Tr., R.553, PageID#14423. After considering all objections and hearing testimony that the settlement fund exceeds all recoveries in other similar cases, *see id.*, PageID#14504, the court affirmed "the fairness and adequacy and reasonableness of the settlement," *id.*, PageID#14537. The court accordingly entered orders approving the settlement agreement as well as Class Counsel's request for attorneys' fees and the proposed distribution plan. Final.Appr.Order, R.557, PageID#14580-586; Atty.Fee.Order, R.556, PageID#14547-579; Distr.Plan.Order, R.555, PageID#14543-546.

2. Reverend Joseph Sheely, Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno timely appealed the district court's orders granting final approval to the settlement and the attorneys' fee request. *See* Sheely.Not.App., R.558, PageID#14587, Troyan.Not.App., R.570, PageID#14768. This Court consolidated Reverend Sheely's appeal (No. 24-3852) with the other objectors' appeal (No. 24-3880) to the extent that they would be submitted to the same panel for consideration. Cons.Order, CA6.No.24-3852, Dkt.33.

3. After Objectors noticed those appeals, Plaintiffs moved the district court for an appeal bond against both sets of objectors. Mot.for.App.Bond.re.Sheely, R.567,

PageID#14646; Mot.for.App.Bond.re.Troyan, R.671, PageID#46663. The district court granted Plaintiffs' motions for the appeal bond on January 16, 2025, and ordered Objectors to post the bond within 14 days. Bond.Order, R.733, PageID#51926, 51937.

Objectors did not post the bond (they still have not), seek a stay of the bond order in the district court or this Court, file a notice of appeal from the bond order, or take any other action in the district court. Instead, they filed motions in their already-pending appeals asking this Court to eliminate or reduce the bond. *See* Sheely.Mot., CA6.No.24-3852, Dkt.35-1; Troyan.Mot., CA6.No.24-3880, Dkt.40-1. Plaintiffs opposed those motions, construing them as requesting a stay of the bond order pending appeal. Opp.to.Sheely.Mot.1 n.1, CA6.No.24-3852, Dkt.36; Opp.to.Troyan.Mot.1 n.1, CA6.No.24-3880, Dkt.41. Objectors vehemently rejected that characterization, going so far as to claim that Plaintiffs' characterization of Objectors' motions "def[ied] comprehension by rational minds" and was a "putrid red herring." Sheely.Mot.Reply.2-3 & n.1, CA6.No.24-3852, Dkt.37; Troyan.Mot.Reply.2-3 & n.1, CA6.No.24-3880, Dkt.42.

This Court denied Objectors' motions on March 21, 2025. CA6.No.24-3852, Dkt.47.[4] The motions panel began by noting that Objectors had "ask[ed]" the Court

---

[4] The Court entered the same order in CA6.No.24-3880, Dkt.52. Because the order is identical in both cases, Plaintiffs cite only to the order in No. 24-3852.

to "review the merits of the appeal bond decision" and explicitly disclaimed an intent to have the Court treat the motions as Objectors seeking "a stay." *Id.* at 2. Honoring Objectors' stated intent, the Court held that it "lack[ed] jurisdiction to address the merits of the bond order[s] in the[] appeals" challenging the final approval of the class-action settlement. *Id.* "[A] final order entered after judgment requires a separate notice of appeal." *Id.* Because Objectors had not filed a separate notice of appeal from the bond order, the "only avenue to address the appeal bond [in the already-pending appeals] would be on a motion to stay, which the Objectors … definitively stated [wa]s not their intent." *Id.* at 3. As a final coda, the motions panel opined in dictum that "[e]ven assuming [it] could construe" Objectors' motions as seeking a stay, such relief was not warranted, in part because Objectors could still "fil[e] a direct appeal from [the bond] order." *Id.* (citing Fed. R. App. P. 4(a)(1)(A), (a)(5)).[5]

4. Back in the district court, Objectors moved the same day (March 21, 2025) to extend the time within which to appeal the bond order given that the default 30-day deadline had long since passed. Extens.Mot., R.876, PageID#60386; *see* 28 U.S.C. §2107(a); *see also* Fed. R. App. P. 4(a)(1)(A). Objectors pointed to this

---

[5] Objectors asked this Court to reconsider. Sheely.Reconsider.Mot., CA6.No.24-3852, Dkt.49-1; Troyan.Reconsider.Mot., CA6.No.24-3880, Dkt.53-1. As of the date of this filing, the reconsideration motions remain outstanding.

Court's dictum that "they could still obtain review … by filing a direct appeal," Extens.Mot., R.876, PageID#60386, and construed that statement as an express holding binding on the district court, *see* Mem.ISO.Extens., R.876-1, PageID#60392. That said, Objectors implicitly admitted that their extension request came too late under the relevant authority. *Id.*, Page ID#60393 (quoting Federal Rule of Appellate Procedure 4(a)(5)(A), which says that a "district court may extend time to file a notice of appeal if: (i) a party so moves *no later than 30 days after the time prescribed by this Rule 4(a) expires*" (emphasis added)); *see also id.* n.1 (citing *Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015), which states that "a movant may request a filing extension of up to 30 days … but *must do so within the 30 days following the initial 30-day appeal period*" (emphasis added)). This implicit admission became explicit in Objectors' reply, in which they admitted that "plaintiffs … note, correctly, that Objectors' … Motion to Extend Time was filed 1 day beyond the time allowed." Reply.Mem.ISO.Extens.Mot., R.912, PageID#61030.

The district court denied Objectors' motion. Order.Denying.Extens., R.923, PageID#61235. The court's topline holding was that "Objectors' March 21, 2025 motion [wa]s untimely because it was not filed within the grace period allowed by

Rule 4(a)(5)," which mirrors §2107(c). *Id.*, PageID#61237.[6] Citing Federal Rule of Appellate Procedure 26, which governs the computation of time, the district court found that Objectors' original 30-day deadline to file a notice of appeal was Tuesday, February 18, 2025, because the actual 30th day after entrance of the bond order was Saturday, February 15, 2025, and Monday, February 17, 2025, was a federal legal holiday. *Id.*, PageID#61237 n.3. That meant the deadline to request an extension under §2107(c) and Rule 4(a)(5) was March 20, 2025 (30 days after February 18). *Id.*, PageID#61237. But Objectors' motion for an extension was filed after that date (on March 21). *See* Extens.Mot., R.876, PageID#60386. The district court accordingly held that it could not grant the extension. Order.Denying.Extens., R.923, PageID#61237-238. The court found Objectors' reliance on the statement from this Court's order "misplaced." *Id.*, PageID#61238.

5. Objectors timely filed notices of appeal of the order denying their extension motion. Objectors.Not.App., R.975, PageID#68814 (noting that Objectors appeal "the order entered on March 30, 2025 (ECF No. 923, PageID##61234-61239)").

## SUMMARY OF ARGUMENT

**I.** Congress set strict limits on district courts' authority to grant motions to extend the time to file a notice of appeal in civil cases. 28 U.S.C. §2107(c) permits

---

[6] As a reminder, the court's bond order was entered on January 16, 2025. *See* Bond.Order, R.733, PageID#51926.

a district court to grant such an extension only in narrowly defined circumstances. As relevant here, such a motion may be granted only if it is "filed *not later than 30 days* after the expiration of the time otherwise set for bringing appeal." 28 U.S.C. §2107(c) (emphasis added). That statutory deadline is "jurisdictional," meaning that a party seeking to appeal must comply with it to preserve both the district court's authority to grant an extension and the court of appeals' ultimate jurisdiction. There is no basis for equitable exceptions—and thus there was no basis here for the district court to do anything other than deny a motion that was jurisdictionally out-of-time.

Objectors' failure to comply with that deadline was fatal. The district court plainly did not abuse its discretion in denying Objectors' out-of-time motion. To the contrary, it would have been clear legal error for the court to have done otherwise.

Apparently unwilling to engage with that reality, Objectors argue that the district court erred by not abiding by the law-of-the-case doctrine and the mandate rule. Objectors.Br.10-16. But those doctrines are inapplicable here; judge-made rules cannot trump federal statutes prescribing the limits of lower federal courts' jurisdiction. In all events, Objectors' law-of-the-case and mandate-rule arguments fail on their own terms. Objectors premise their argument on a single statement of dictum from this Court's order denying their motions to eliminate or reduce the appeal bond, and it is black-letter law that dictum does not form law of the case, let alone become part of the mandate. Furthermore, even if this Court's dictum *were*

law of the case, the district court *still* did not abuse its discretion, as the motions panel's order denying Objectors' motions to eliminate or reduce the bond could not validly instruct the district court to permit Objectors to file a motion outside the limits prescribed by §2107(c).

**II.** This appeal should begin and end with affirming the district court's denial of Objectors' untimely extension motion. Nonetheless, Objectors attempt to shoehorn in a challenge to the merits of the district court's bond order via a prejudice analysis (and, even more aggressively, a challenge to the district court's impartiality). *See* Objectors.Br.17-33. This Court should reject that blatant attempt to circumvent §2107's strict deadlines and jurisdictional limits. Allowing Objectors to attack through a back door an order they have lost the right to appeal "would be equivalent to accepting a jurisdictionally untimely appeal." *Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016). This Court neither can nor should entertain such tactics. Regardless, Objectors' complaints are meritless, for reasons Plaintiffs have explained at length in their briefing in Objectors' other appeals in this case.

## STANDARD OF REVIEW

This Court reviews "[a]n order denying an extension of time to file a notice of appeal … for an abuse of discretion." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the

16

correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Cole v. City of Memphis*, 839 F.3d 530, 540 (6th Cir. 2016).

Though the merits of the district court's bond order are not properly before this Court, for the sake of completeness, Plaintiffs note that the district court's decision to impose an appeal bond as well as its determination of what amount to set the appeal bond for are likewise reviewed for an abuse of discretion. *See In re Polyurethane Foam Antitrust Litig.*, 178 F.Supp.3d 635, 638 (N.D. Ohio 2016); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004). Legal questions as to what qualify as proper appeal "costs" are reviewed de novo. *See In re Cardizem*, 391 F.3d at 818. Finally, this Court reviews a request for recusal under 28 U.S.C. §144 for an abuse of discretion. *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Reassigning a case under 28 U.S.C. §2106 "is an extraordinary power and should rarely be invoked" "and with the greatest reluctance." *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 683 (6th Cir. 2002).

## ARGUMENT

**I.    The District Court Was Entirely Correct To Deny Objectors' Untimely Motion To Extend The Notice-Of-Appeal Deadline, And Certainly Did Not Abuse Its Discretion By Doing So.**

### A.    The District Court Had No Choice but to Deny Objectors' Motion.

1. The district court did not err—much less abuse its discretion—in denying Objectors' motion to extend the time within which to file a notice of appeal from the

bond order. In fact, it would have been clear error and an abuse of discretion if the court had granted Objectors' untimely extension motion.

As explained above, Congress set the deadlines by which a party must appeal a district court judgment or order in a civil case. 28 U.S.C. §2107(a) sets a default 30-day deadline. *See also* Fed. R. App. P. 4(a)(1)(A). Congress then provided limited and narrow "[e]xcept[ions]" to that default. *See* 28 U.S.C. §2107(a); *supra* p.6. As relevant here, Congress authorized district courts to "extend the time for appeal" "upon motion filed *not later than 30 days* after the expiration of the time otherwise set for bringing appeal … upon a showing of excusable neglect or good cause." 28 U.S.C. §2107(c) (emphasis added); *see also* Fed. R. App. P. 4(a)(5)(A).

A more generous extension deadline applies where "a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry." 28 U.S.C. §2107(c); *see also* Fed. R. App. P. 4(a)(6). But that no-notice exception is not applicable here, as Objectors inarguably had timely notice of the bond order: They moved for this Court to set it aside three days after it was entered. *See* Sheely.Mot., CA6.No.24-3852, Dkt.35-1 (filed January 19, 2025); Troyan.Mot., CA6.No.24-3880, Dkt.40-1 (same). Thus, the only way the district court could have validly extended the 30-day deadline here was "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal." 28 U.S.C. §2107(c). But Objectors' motion to extend the

appeal deadline was filed "*later than* 30 days after the expiration of the time otherwise set for bringing appeal." *Id.* (emphasis added); *see supra* pp.12-14; *see also* Objectors.Br.8 (acknowledging this). So the district court could not grant it.

Compliance with §2107's deadlines is neither optional nor excusable by the court. Indeed, every court to address this issue post-*Bowles* has held that district courts lack authority to grant untimely motions to extend the notice-of-appeal deadline. *See, e.g.*, *Baker v. Boettcher*, 2024 WL 3967506, at *1 (7th Cir. May 2, 2024) (district court "had no authority to grant an extension" of the appeal deadline where motion was untimely); *Phillips v. Metro Transit Agency*, 2022 WL 18932061, at *1 (7th Cir. Apr. 28, 2022) (district court "was required" to deny motion to extend that was filed after §2107(c)'s deadline: "The time limit is jurisdictional and cannot be waived."); *Eagle v. Freeport-McMorRan, Inc.*, 2019 WL 13219817, at *2 (10th Cir. Jan. 28, 2019) ("district court lacks authority to grant" untimely motion to extend appeal deadline); *Ramirez v. Comm'r of Soc. Sec. Admin.*, 2018 WL 6982351, at *1 (2d Cir. Nov. 29, 2018) (district court "lacked the authority" to grant an extension motion that "was filed 'later than 30 days after the expiration of [the] time otherwise set for bringing appeal'" (quoting 28 U.S.C. §2107(c))); *United States ex rel. Haight v. Cath. Healthcare W.*, 602 F.3d 949, 956 (9th Cir. 2010) ("The requirement of a timely notice of appeal is jurisdictional, as is the requirement that a would-be appellant file a timely motion for an extension of time before such an

extension may be granted." (citation omitted)); *cf. Sommers v. United States*, 151 Fed.Cl. 619, 621 (2020) ("[B]ecause the plaintiff's motion to extend the time [to appeal] was itself not timely under 28 U.S.C. §2107(c), the Court lacks jurisdiction even to consider the substance of the motion.").

That litany of courts applying *Bowles* in this context includes this Court. This Court has squarely held that district courts "'lack[] authority to grant' [a party's] untimely motion" to extend §2107's notice-of-appeal deadlines. *May v. Apricus Biosciences, Inc.*, 650 F.App'x 893, 895 (6th Cir. 2016) (quoting *Ultimate Appliance*, 601 F.3d at 416). This wall of authority follows directly from the reality that "the requirements of §2107(c) are jurisdictional" in the true and strict sense of the word. *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431 (7th Cir. 2019). When "the relevant time prescription" is set forth in "the U.S. Code," *Hamer*, 583 U.S. at 27, it is no mere claims-processing rule—it is a truly jurisdictional time limit that "is not subject to waiver or forfeiture," *id.* at 20, or to equitable tolling, *see Bowles*, 551 U.S. at 212-15, or to any other judge-made doctrine. That settled law controls this case.

Indeed, this Court has seen this story many times before—and the ending is the same every time. In *Ultimate Appliance*, for instance, the district court entered an appealable judgment (granting a motion to dismiss) on September 30, 2008; the plaintiff had until October 30, 2008, to file a notice of appeal or until December 1,

2008, to file a motion for an extension. 601 F.3d at 415. But the plaintiff filed a motion for an extension on December 2, 2008, i.e., one day after the deadline. *Id.* So the district court denied the motion to extend the notice-of-appeal deadline, "holding that it had no authority to grant a filing extension once the Rule 4 deadline had expired." *Id.* at 416. This Court affirmed, holding that "the district court did not err in holding it lacked authority to grant the plaintiff's untimely motion." *Id.*

The same story repeated itself in *May v. Apricus Biosciences* (which is why that opinion is unpublished). The district court "dismissed May's complaint in an order dated September 30, 2014." 650 F.App'x at 894. That meant "May had 30 days, until October 30th, to file a notice of appeal with respect to that order" under 28 U.S.C. §2107(a). *Id.* But "May did not successfully file his notice of appeal until November 5th," so this Court "dismissed May's appeal as untimely" in an order entered December 11. *Id.* Four days after that, "on December 15, 2014, May filed a motion in the district court requesting an extension of time in which to file his notice of appeal from the September 30th order under … 28 U.S.C. §2107(c)." *Id.* "The district court denied May's motion for an extension as untimely," because the §2107(c) deadline came and went on Monday, December 1 (the 60th day having fallen on Saturday). *Id.* at 894-95. This Court affirmed. "May filed his motion for an extension" after the date that §2107(c) set as the outer limit; "[t]he district court therefore 'lacked authority to grant' May's untimely motion." *Id.* at 895.

In *May* (as in this case), the motions panel did not act on the initial appellate filing until after the §2107(c) deadline came and went. But that made no difference. While May complained that that timing quirk justified a finding "of excusable neglect and good cause," a jurisdictional deadline is a true deadline and not subject to exceptions, no matter how excusable the neglect or how good the cause for missing the deadline Congress prescribed by statute. *Id.* So "May's arguments on appeal that the district court should have granted his motion based on showings [we]re unavailing." *Id.*

The same is true here. The district court granted Plaintiffs' motion for an appeal bond on January 16, 2025. Bond.Order, R.733, PageID#51926. Objectors had "thirty days after the entry of [that] order" to file a notice of appeal. 28 U.S.C. §2107(a); *see also* Fed. R. App. P. 4(a)(1)(A). They did not do so. While Objectors filed timely notices of appeal challenging the order granting final approval to the settlement, they did not file "a separate notice of appeal" challenging the "final order entered after judgment" granting Plaintiffs' motion for a bond. Order.2, CA6.No.24-3852, Dkt.47. Objectors thus failed to comply with §2107(a) as to that order. They also failed to comply with §2107(c). After this Court denied Objectors' motions to eliminate or reduce the appeal bond, Objectors filed a motion in district court for an extension of the notice-of-appeal deadline. *See* Extens.Mot., R.876, PageID#60386. But as Objectors themselves have acknowledged, they filed that motion "31 days

22

after expiration of the original 30-day appeal period." Mem.ISO.Reconsid.Mot.7-8, CA6.No.24-3852, Dkt.49-1. In other words, their extension motion came after the statutory deadline. So, under §2107 and this Court's on-point precedent applying it, the district court was compelled to deny the untimely motion.

It makes no difference that here, as in *May*, the motions panel did not act on the appeal bond motions filed in the initial appeals until after the §2107(c) deadline had passed, or that here, as in *Ultimate Appliance*, the extension motion was filed just one day late. Whether or not that could support "a showing of excusable neglect or good cause," 28 U.S.C. §2107(c), is beside the point.[7] While "a showing of excusable neglect or good cause" is *necessary* to secure an extension of the appeal deadline under §2107(c), it is *not sufficient*. Except in the rare, congressionally specified, and here-inapplicable circumstance where "a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry," 28 U.S.C. §2107(c)(1), a "district court may … extend the time for appeal upon [such] a showing" *only* if a motion is "filed not later than 30 days after the expiration of the time otherwise set for bringing appeal," *id.*

---

[7] Plaintiffs doubt that it could. Objectors had no legal reason to wait for this Court to act on their jurisdictionally improper request to eliminate or reduce the appeal bond. And while they claim that they did not realize the need to appeal the bond order separately, §2107 contains no exceptions for attorney confusion. *Cf., e.g.*, *Nestorovic*, 926 F.3d at 432 (even a *pro se* "party's choice to wait, without more, is not a proper reason for extending the time to appeal").

§2107(c). Objectors failed to do so. The district court thus lacked authority to grant Objectors' untimely motion.

2. Objectors ignore all of this. They do not cite §2107 even once. Nor do they mention *Bowles* or any of this Court's cases holding that the deadlines in §2107 are jurisdictional and thus not subject to equitable enlargement (or any other kind). Indeed, Objectors' only discussion of Rule 4 occurs either in the context of referencing this Court's earlier order citing the rule, Objectors.Br.3-4, the district court's analysis of that rule, Objectors.Br.4-5, or in a footnote suggesting, without grappling with (or acknowledging) any of the contrary caselaw, that this Court could just choose to treat Rule 4(a)(1)(A) and (a)(5)'s time limits "as functioning like a statute of limitations, rather than a jurisdictional restriction," Objectors.Br.15 n.2. This wholesale failure to address the relevant issue suffices to end this appeal.

## B.    Objectors' Arguments Are Beside the Point and Meritless.

Rather than confront §2107 or the relevant precedent squarely holding that its time limits are jurisdictional, Objectors argue that the district court was bound under the law-of-the-case doctrine and the mandate rule to grant an extension based on dictum in this Court's order denying their motions to eliminate or reduce the bond. Objectors.Br.10-16. Even if Objectors were entirely correct about how law of the case and the mandate rule work in the abstract (they are not), it would make no difference here. This Court *could not* have authorized the district court to do what

Congress has squarely forbidden in a duly enacted statute.  In all events, Objectors' arguments fail on their own terms.  The dictum that Objectors latch onto in the motions panel order was neither law of the case nor part of this Court's mandate.

"The doctrine known as 'law of the case' encapsulates a simple idea:  courts generally decline to redecide issues that they have already decided." *Samons v. Nat'l Mines Corp.*, 25 F.4th 455, 463 (6th Cir. 2022).  "[W]hen the '*same* issue' is presented 'in the *same case*' to the '*same court*,' the '*same result*' should follow." *Ermold v. Davis*, 130 F.4th 553, 559 (6th Cir. 2025) (quoting *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015)).  The "mandate rule" is simply a "vertical" application of the law-of-the-case doctrine.  *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 733-34 (6th Cir. 2019) (Sutton, J., concurring).

Not everything a court of appeals says, however, is law of the case or part of its mandate.  The scope of what falls under "law of the case" and "the rule of mandate" "is 'limited to those issues that were necessarily decided in the earlier appeal.'" *Kavorkian v. CSX Transp., Inc.*, 117 F.3d 953, 959 (6th Cir. 1997) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)).  And "[t]he phrase 'necessarily decided' … describes all issues that were 'fully briefed and squarely decided in an earlier appeal.'" *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1071 (6th Cir. 2014) (ellipsis in original) (quoting *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 91 F.App'x 370, 374 (6th Cir. 2004)); *see also Keahey v.*

*Marquis*, 978 F.3d 474, 481 (6th Cir. 2020) ("Application of the law-of-the-case doctrine has been historically limited to fully briefed 'questions necessarily decided' in an earlier appeal." (quoting *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016))). The phrase likewise distinguishes and does not reach dictum—which is the most that could be said for the language Objectors emphasize here.

Here, whether Objectors "could still obtain review of the bond order by filing a direct appeal from that order" *after the deadline*, Order.3, CA6.No.24-2852, Dkt.47, was not something the parties briefed in connection with Objectors' motions to eliminate or reduce the bond. If the parties had briefed the issue, the motions panel would have presumably appreciated the jurisdictional nature of the statutory deadlines. Nor did the motions panel "squarely decide" that issue in its order. The only issues that were necessary to the order—and thus the only issues the motions panel necessarily decided—were (1) the Court lacked authority to address the merits of the bond because "a final order entered after judgment requires a separate notice of appeal," so (2) the "only avenue to address the appeal bond [in the already extant appeals] would be on a motion to stay," but (3) "Objectors … definitively stated" that "[n]o appellant either seeks or desires such a stay." *Id.* at 2-3.

To be sure, the motions panel went on to say that it would not have granted a stay of the appeal bond "[e]ven assuming [it] could construe the[] motions as seeking a stay." *Id.* at 3. And in explaining why, the motions panel opined that Objectors

26

"cannot show irreparable harm, in part because they could still obtain review of the bond order by filing a direct appeal from that order." *Id.* But that dictum-in-a-counterfactual cannot carry the weight Objectors need it to. In conjunction with Objectors' explicit disavowal of any request for a stay, *see id.* at 2, the motions panel's conclusion regarding the need for a separate notice of appeal dispositively resolved Objectors' motions, *id.* at 2-3. Thus, the motions panel's statements about the hypothetical world where Objectors had actually requested a stay (instead of affirmatively disavowing that relief) were the posterchild of "'peripheral' statements as to issues that were not briefed or argued," which "do not constitute law of the case" or form part of the Court's mandate. *Perkins*, 91 F.App'x at 374.

Objectors construe the motions panel's dictum as "reasonably and *properly* decid[ing] that it would be 'just under the circumstances' to allow Objectors at least March 21 itself in which to seek to extend the time for appealing the bond order." Objectors.Br.15 (quoting 28 U.S.C. §2106) (citing *McFall v. Tooke*, 308 F.2d 617, 626 (6th Cir. 1962)). But that is just wishful thinking; the order says nothing of the sort. The order ends simply by stating that "the motions to eliminate or reduce the appeal bond are **DENIED**." Order.4, CA6.No.24-3852, Dkt.47. That makes the order here entirely unlike the one in *McFall*, on which Objectors rely. There, this Court expressly instructed in decretal language that "[i]f defendant, within 20 days of the announcement of this decision, supplements his application for relief by filing

27

with the Clerk of this Court a request for new trial, the judgment of the District Court shall be vacated and the cause remanded for a new trial." *McFall*, 308 F.2d at 625-26. *McFall* shows what it looks like when this Court gives the district court instructions with which, under the mandate rule, it must comply. No remotely similar instructions appear in the motions panel's order here. Objectors' mandate-rule argument thus fails.

In all events, any debate over what the motions panel meant or said is ultimately academic. For all the reasons discussed above in Part I.A., the motions panel *could not* have validly instructed the district court to grant an out-of-time motion to extend the notice-of-appeal deadline. Thus, if the motions panel *had* done so, it would have put the district court between a rock and a hard place. If it had chosen to follow Congress' direction, rather than the mandate, there would be no basis to overturn that decision. But even if the district court followed the mandate into error, it would not permit this Court to affirm. "[T]he law of the case doctrine does not foreclose reconsideration of subject-matter jurisdiction," *Clark v. Adams*, 300 F.App'x 344, 351 (6th Cir. 2008) (quoting *Amen v. Dearborn*, 718 F.2d 789, 794 (6th Cir. 1983)); indeed, "a merits panel *should* reconsider jurisdictional issues even if previously decided by a motions panel," *id.* (emphasis added) (quoting *United States v. Arevalo*, 408 F.3d 1233, 1237 n.2 (9th Cir. 2005)). Nor could it be

otherwise, lest a judge-made rule trump congressionally imposed limits on federal court jurisdiction.

As a last-ditch effort, Objectors suggest that 28 U.S.C. §2106 supplies this Court with the power to do exactly that. Objectors.Br.15. But nothing in §2106 gives a court of appeals the power to instruct a district court to violate jurisdictional limitations elsewhere imposed by Congress (or to hear appeals filed out of time). All §2106 says is that a "court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." So, while Objectors certainly think it would be "just under the circumstances" to allow them to file an out-of-time appeal here, that is neither here nor there; §2106's general provision regarding proceedings on remand cannot be construed to blot out the specific limitations in §2107. After all, "the 'old and familiar rule' that 'the specific governs the general'" applies with "particular[]" force "where 'Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions.'" *Patten v. District of Columbia*, 9 F.4th 921, 926 (D.C. Cir. 2021) (quoting *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645-46 (2012)). And there can be no question that §2107 represents a comprehensive timing scheme governing notices of appeals.

Section 2107(c) imposes explicit conditions on a district court's ability to extend the notice-of-appeal deadline:  It may do so only "upon a showing of excusable neglect or good cause"—and, even then, only "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal."  To say that §2106's general allowance for courts of appeals to "require such further proceedings to be had as may be just under the circumstances" trumps §2107's specific limitations on inferior federal courts' jurisdiction would be to make the same mistake the Supreme Court corrected in *Bowles*:  It would confuse rules governing the orderly processing of federal litigation with "statut[ory] time limitations" "of jurisdictional magnitude." *Bowles*, 551 U.S. at 213.

\*     \*     \*

The district court did not abuse its discretion in denying Objectors' out-of-time motion to extend the jurisdictional appeal deadline.  It did the only thing it could.  This Court should affirm.

## II.    The Merits Of The District Court's Bond Order Are Not Properly Before This Court, But The District Court Did Not Abuse Its Discretion In Setting The Bond (Let Alone Do Anything Justifying Reassignment).

This appeal is properly about one issue:  Did the district court abuse its discretion by denying Objectors' untimely extension motion?  As just discussed, the answer to that question is no—indeed, the district court had no other lawful option.  That should be the end of the matter.  Objectors nonetheless, in lieu of any discussion

of §2107 and the cases interpreting it, share their criticisms of the district court's bond order (and contest the district court's impartiality) under the guise of a prejudice analysis. *See* Objectors.Br.16-33. In fact, Roman II of Objectors' brief is almost a carbon copy of their motions to reduce or eliminate the bond. *Compare* Objectors.Br.16-33, *with* Sheely.Mot.3-18, CA6.No.24-3852, Dkt.35-1, *and* Troyan.Mot.3-18, CA6.No.24-3880, Dkt.40-1. This Court should not countenance Objectors' efforts to circumvent the clear jurisdictional limitations on this Court's authority.

As an initial matter, for all the reasons already discussed, Objectors err in suggesting that prejudice is relevant when it comes to failure to comply with §2107's jurisdictional deadlines. *Of course* a party's failure to abide by a jurisdictional time limit is extremely prejudicial—indeed, fatal—ten times out of ten. That is the basic lesson of *Bowles*, which held that equitable considerations cannot trump jurisdictional time limits expressly set forth in statutes, even when the prejudice is indisputable. After all, if anyone suffered prejudice on account of the appeal deadlines, it was Keith Bowles. In *Bowles*, the district court "inexplicably" told Bowles—who was a prisoner at the time, having been convicted "of murder" and "sentenced … to 15-years-to-life imprisonment"—that he had more time "to file his notice of appeal" from the denial of his federal habeas petition than the 14 days "§2107(c)" actually allowed. 551 U.S. at 207; *see* 28 U.S.C. §2107(c); *supra* p.6.

Bowles filed his notice of appeal "within the longer period granted by the District Court." 551 U.S. at 209. But it made no difference that he did exactly what the district court told him he could do; all that mattered was that he filed his notice of appeal "outside the … window allowed by §2107(c)." *Id.* That was dispositive. "[B]ecause Bowles' error [wa]s one of jurisdictional magnitude," neither the lower courts nor the Supreme Court could "excuse his lack of compliance with the statute's time limitations." *Id.* at 213.

As for Objectors' attempt to argue the merits of the appeal bond, that too can be quickly dispensed with. The basic rule is that "[t]he scope of appeal" of a post-judgment motion "should be restricted to the questions properly raised by the post-judgment motion; it should not extend to revive lost opportunities to appeal the underlying judgment." 15B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §3916 (2d ed. May 2025 update); *see also id.* n.7 (collecting cases). That makes sense. "[I]f a party appealing the denial of an extension motion were allowed to challenge the underlying substantive order, the whole proceeding on the motion actually under review would be rendered meaningless." *In re Lang*, 414 F.3d 1191, 1196 (10th Cir. 2005). And that sensible rule applies *a fortiori* here, given that the only issue the district court resolved in the appealed-from order is one of jurisdictional significance. Allowing Objectors' gambit here "would be equivalent to accepting a jurisdictionally untimely appeal." *Bell*, 820 F.3d at 883.

*Cf. Browder v. Dir., Ill. Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review"). While this Court certainly has jurisdiction to consider the district court's denial of Objectors' extension motion, under §2107 and for the reasons already explained, that is all it has power to review.

There is nothing to the Objectors' complaints in all events. As Plaintiffs have already argued at length in other filings before this Court, the district court did not err (let alone abuse its discretion) in imposing the appeal bond. Opp.to.Sheely.Mot.7-19, CA6.No.24-3852, Dkt.36; Opp.to.Troyan.Mot.7-19, CA6.No.24-3880, Dkt.41. Finally, there is no merit to Objectors' request for reassignment. Because the arguments Objectors make on that score are substantively identical to arguments they have already made to this Court, *compare* Objectors.Br.33-38, *with* Sheely.Br.46-51, CA6.No.24-3852, Dkt.26, *and* Troyan.Br.48-53, CA6.No.24-3880, Dkt.33, Plaintiffs respectfully direct the Court to Plaintiffs' response in those appeals for their arguments in opposition. *See* Pltfs.Resp.Br.55-57, CA6.No.24-3852, Dkt.39; Pltfs.Resp.Br.55-57, CA6.No.24-3880, Dkt.44. In short: Objectors' merits arguments and request for reassignment are as weak here as they were in the related appeals.

## CONCLUSION

For the reasons set forth above, this Court should affirm.

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
MATTHEW D. ROWEN
KYLE R. EISWALD[*]
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

[*] Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Plaintiffs-Appellees*

July 29, 2025

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 8,203 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and 6th Circuit Rule 32(b).

2.  This brief complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 with 14-point Times New Roman font.

Date: July 29, 2025

<u>s/Paul D. Clement</u>
Paul D. Clement

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2025, I electronically filed the foregoing with

the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit

by using the CM/ECF system. I certify that all participants in this case are registered

CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement
Paul D. Clement

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Plaintiffs-Appellees, pursuant to 6th Circuit Rules 28(a) and 30(g), designate the following relevant documents in the electronic record:

| Record Entry | Description of Document | Page ID # |
|:---:|:---:|:---:|
| 28 | Order re. Consolidation and Interim and Co-Lead Class Counsel | 549 |
| 30 | Consolidation Order | 665 |
| 138 | First Amended Master Consolidated Class Action Complaint and Jury Demand | 1771 |
| 452-2 | Class Action Settlement Agreement | 6001 |
| 518-2 | Declaration of M. Elizabeth Graham | 10942 |
| 553 | Transcript of Fairness Hearing | 14423 |
| 555 | Order Granting Distribution Plan | 14543 |
| 556 | Order Granting Attorneys' Fees | 14547 |
| 557 | Final Settlement Approval Order | 14580 |
| 558 | Sheely Notice of Appeal | 14587 |
| 567 | Motion for an Order Requiring Objector Sheely to Post an Appeal Bond | 14646 |
| 570 | Troyan Notice of Appeal | 14768 |
| 671 | Motion for an Order Requiring Appellants to Post an Appeal Bond | 46663 |
| 733 | Memorandum Opinion and Order re. Appeal Bond | 51926 |
| 876 | Motion to Extend Time for Appeal of Jan. 16, 2025 Order Setting Appeal Bond | 60386 |
| 876-1 | Memorandum in Support of Motion to Extend Time for Appeal of Jan. 16, 2025 Order Setting Appeal Bond | 60388 |
| 912 | Reply in Support of Motion to Extend Time for Appeal of Jan. 16, 2025 Order Setting Appeal Bond | 61030 |

| 923 | Order Denying Motion to Extend Time for Appeal | 61235 |
|------|------------------------------------------------|-------|
| 975 | Notice of Appeal from Order Denying Motion to Extend Time for Appeal | 68814 |